IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA

Diamond Back Gutter Covers, Inc. and )
Daniel E. Feldhaus )
 )
          Plaintiffs, ) Civil Action No.:
 )
       vs. )
 )
Midwest Enterprises )
 )
         Defendant. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Diamond Back Gutter Covers, Inc. ("Diamond Back") and Daniel E. Feldhaus (collectively "Plaintiffs"), for their Complaint against Midwest Enterprises, allege and state:

### PARTIES

1. Daniel E. Feldhaus is an individual residing at 12556 N. 1225 W., Monticello, IN 47960.

2. Diamond Back is an Indiana corporation with its principal place of business at 1500 Cincinnati Street, Lafayette, IN 47904. Mr. Feldhaus is the owner of Diamond Back.

3. Diamond Back is in the business of manufacturing and selling products related to protection of gutter and drainage systems.

4. Upon information and belief, Midwest Enterprises is a Missouri company with its principal place of business at 1 Wagner Drive, Saint Clair, MO 63077.

5. Upon information and belief, Midwest Enterprises also does business under the name E-Z Products and operates a website to do business at http://www.e-zgutter.com/.

6. Upon information and belief, Midwest Enterprises is in the business of manufacturing and selling gutter protection and gutter-related products.

## JURISDICTION AND VENUE

7. This is a complaint for patent infringement pursuant to 35 U.S.C. § 271 *et. seq.*

8. This Court has subject matter jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1332 and 1338.

9. Venue is proper under 28 U.S.C. §§1391 and 1400.

10. This Court has personal jurisdiction over Midwest Enterprises because, among other things, it has caused injury in Indiana by selling and distributing infringing goods in Indiana. Midwest Enterprises is subject to personal jurisdiction and venue in this judicial district.

## THE PATENT-IN-SUIT

11. On December 8, 2009, United States Patent No. 7,627,991 ("the '991 patent") entitled "Gutter Debris Cover" was duly and legally issued to Mr. Feldhaus. A true and correct copy is attached as Exhibit A.

12. Diamond Back is licensed under the '991 patent for use in the business of manufacturing and selling products related to protection of gutter and drainage systems.

## COUNT I

### Patent Infringement By Midwest Enterprises

13. Plaintiffs re-allege and incorporate herein, as if fully set forth, the allegations in paragraphs 1-12.

14. Midwest Enterprises has been and still is infringing the '991 patent by making, selling, and/or using a gutter protection system embodying one or more of the patented inventions or inducing the infringement by others of the '991 patent, and will continue to do so unless enjoined by this Court.

-3-

15. Attached hereto as Exhibit B is a product specification sheet for the EZ Double Lock gutter protector which Midwest Enterprises advertises, manufactures, and sells to potential customers and customers, including without limitation, customers and potential customers in this judicial district.

16. Exhibit B, in part, illustrates and describes a gutter protection system that is the subject of this Complaint.

17. Midwest Enterprises, individually and in connection with others, imports, makes, uses, sells and/or offers for sale EZ Double Lock gutter protectors, whereby Midwest Enterprises infringes the '991 patent.

18. In June 2012, Midwest Enterprises received notice of the '991 patent through correspondence sent on behalf of Plaintiffs.

19. Midwest Enterprises has continued to infringe despite the correspondence in Exhibit C, and upon information and belief, has engaged in its infringing conduct willfully in disregard of Plaintiffs' rights and interests. Plaintiffs have advised Midwest Enterprises and distributors of Midwest Enterprises of this infringement but Midwest Enterprises has refused to stop.

20. Midwest Enterprises, by its infringing conduct, has caused and will cause irreparable harm to Plaintiffs for which there is no remedy at law.

21. Upon information and belief, Midwest Enterprises will continue to engage in infringing conduct, willfully and in complete disregard of, or with indifference to Plaintiffs' rights and interests.

22. Plaintiffs have suffered and will continue to suffer damages as a result of Midwest Enterprises' infringement to date.

23. This is an exceptional case as that term is defined by 35 U.S.C. §285.

WHEREFORE, Plaintiffs pray that this Court:

a) Permanently enjoin Midwest Enterprises and its officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the Order, from importing, manufacturing, using, selling and/or offering for sale gutter protection devices which infringe the '991 patent;

b) Direct Midwest Enterprises and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them, who receive actual notice of the Order, to destroy all molds, tooling, or other equipment used in the manufacture of items infringing the '991 patent and all advertisements, catalogs and the like used in the sale or offering for sale of infringing items, including but not limited to the EZ Double Lock gutter protector as shown in Exhibit B;

c) Direct Midwest Enterprises and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them, who receive actual notice of the Order, to destroy all inventory of items infringing the '991 patent, including but not limited to the EZ Double Lock gutter protector as shown in Exhibit B;

d) Direct Midwest Enterprises and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them, who receive actual notice of the Order, to publish a press release in every publication or media outlet previously used by Midwest Enterprises to advertise items infringing the '991 patent, the press release indicating a retraction of their offer for sale of the items in light of the present litigation and indicating such item are available through Plaintiffs' business;

e) Permanently enjoin Midwest Enterprises and its officers, agents, servants, employees, and attorneys, and those acting in concert and participation with them, who receive actual notice of the Order, from importing, manufacturing, using, selling, and/or offering for sale products which infringe the '991 patent;

f) Award Plaintiffs monetary damages adequate to compensate them for infringement consistent with 35 U.S.C. §284, up to and including treble the amount of actual damages assessed, together with costs and prejudgment interest;

g) Award Plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C. §285; and

h) Grant and award any and all relief found necessary and proper under these circumstances.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

Date: June 28, 2013

Respectfully submitted,

_[signature]_

William M. Lee, Jr.
Elizabeth A. Peters
BARNES & THORNBURG LLP
One North Wacker Drive
Suite 4400
Chicago, IL 60606
Telephone: (312) 357-1313
Facsimile: (312) 759-5646

*Attorneys for Plaintiffs
Diamond Back Gutter Covers, Inc. and
Daniel E. Feldhaus*

David R. Pruitt
BARNES & THORNBURG LLP
600 1st Source Bank Center
100 North Michigan
South Bend, IN 46601
Telephone: (574) 233-1171

*Attorney for Plaintiffs
Diamond Back Gutter Covers, Inc. and
Daniel E. Feldhaus*